JAMES WALKER, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 16814

June 26, 1986                                                720 P.2d 700

*Robert A. Bork,* State Public Defender, *Michael K. Powell,* Chief Appellate Deputy Public Defender, Carson City, for Appellant.

*Brian McKay,* Attorney General, *Arthur Noxon,* Deputy Attorney General, Carson City, for Respondent.

## OPINION

*Per Curiam:*

James Walker, the appellant, is an inmate at the Nevada State Prison. While serving a sentence for an unrelated crime, Walker was charged with and found guilty of assault and battery on a peace officer with the use of deadly weapon. He now appeals that conviction.

On May 21, 1984, Walker was being escorted to his cell by prison guard Jacobs when the two of them got into a fight. Testimony was conflicting as to who started the fight. Jacobs testified that the fight started when he removed a set of "belly chains" from Walker. According to Jacobs, Walker grabbed the chains and started hitting him with them. Jacobs tackled Walker and they wrestled on the floor until some other guards arrived. At that point Walker stopped the struggle.

Jacobs' version of the altercation was disputed by several inmates who claimed to have observed the fight. Those inmates testified that Jacobs started the incident by verbally abusing Walker and then grabbing him around the neck. Many of the inmates also testified that Jacobs had a reputation in the prison community for verbally and physically abusing prisoners. Walker did not testify at the trial.

Walker's first assignment of error concerns the use at trial of a statement attributed to him by one of the state's witnesses. During the state's case-in-chief it called Alois Hanke, a prison guard who responded to Jacobs' call for back up. Hanke had difficulty recalling the incident, and the state used a copy of his incident report to refresh his recollection. Hanke then testified that when he and another guard arrived at the scene of the scuffle Walker was holding Jacobs in a headlock but was not hitting him or

trying to hit him with the chains. Walker released Jacobs when ordered to do so by Hanke.

During the defense's cross examination of Hanke, Walker's attorney requested the admission of the report Hanke had used to refresh his recollection. The state did not object and the report was admitted. That report contained the following:

> Inmate Walker stated "When he, officer Jacobs, took the chains off I stepped away and he grabed [sic] me by the waist and threw me down. So I had to protect myself." Inmate Walker seemed to be relatively calm, repeated several times, he threw me down, I just had to protect myself.

Following the close of the defense's case the state sought to rebut the Hanke report with the testimony of correctional counselor Delliquadri. Delliquadri testified that in his investigation of the incident Walker made a statement to him that Walker struck Jacobs because he was tired of Jacobs' abuse. This testimony was admitted as a prior inconsistent statement over the defense's objection. Delliquadri admitted that he had not informed Walker of his rights prior to questioning him as required by Miranda v. Arizona, 384 U.S. 436 (1966).

Walker now asserts that the admission of Delliquadri's testimony was error on both constitutional and evidentiary grounds. First, Walker argues that the admission of the non-Mirandized statement violated his rights as guaranteed by the fifth and fourteenth amendments to the United States Constitution. We agree.

The failure to warn an accused of the right to an attorney, the right to remain silent and the fact that statements taken from him may be used against him at trial renders those statements inadmissible. *Miranda,* above. The state attempts to argue that no Miranda warnings were necessary because Delliquadri was a counselor, not a law enforcement officer, and because Walker was interviewed in his own prison cell, a supposedly non-coercive atmosphere. These arguments are meritless. Delliquadri testified that he was a "correctional classification officer," commonly referred to as a unit counselor. By Delliquadri's own testimony the role of a correctional classification officer is to investigate offenses by inmates and to sit on disciplinary committees. Clearly there is an adversary relationship between that role and a prisoner accused of an offense. Also, the notion that a prisoner's cell is not a coercive environment must be rejected, particularly when that cell is the scene of an involuntary interrogation.

The state also argues that even if Walker should have been

given the Miranda warnings, Delliquadri's testimony is nonetheless admissible under Harris v. New York, 401 U.S. 222 (1971). In *Harris,* the United States Supreme Court recognized a very narrow exception to Miranda. The high court held that Harris could be cross-examined about a non-Mirandized custodial statement, after Harris had taken the stand and testified in direct conflict with it. In ruling that Harris' statement could thus be used to impeach him, the Supreme Court reasoned that it would not allow the fifth amendment to become a shield from behind which a defendant could be free to commit perjury. The factors which led to the *Harris* decision are simply not present in the instant case. Not only did Walker not testify, there is nothing inherently contradictory about the statements attributed to him by Hanke and Delliquadri. Walker told Hanke that he acted out of self defense. He told Delliquadri that he acted because he was tired of Jacobs' abuse. We do not consider these statements in conflict and certainly cannot view the statement to Hanke as the type of perjurious testimony which the Supreme Court viewed in *Harris* as necessary to the admissibility of a non-Mirandized statement. The admission of the Delliquadri testimony was therefore error.

Because of our conclusion that Walker's constitutional rights were violated by the admission of Delliquadri's testimony, we need not address his argument that the testimony was also inadmissible as a prior inconsistent statement except to say that the statement attributed to him by Delliquadri did not meet any of the foundational requirements of a prior inconsistent statement as set forth in this court's opinions in Summers v. State, 102 Nev. 195, 718 P.2d 676 (1986) and Kaplan v. State, 99 Nev. 449, 662 P.2d 1190 (1983).

Because the state may choose to retry Walker, we are compelled to address his argument concerning the failure of the trial court to grant him an instruction on the lesser offense of resisting a public officer, a violation of NRS 199.280.[1] This court has

---

[1] NRS 199.280 reads:

Every person who, in any case or under any circumstances not otherwise specially provided for, willfully resists, delays or obstructs a public officer in discharging or attempting to discharge any legal duty of his office shall be punished:

1. Where a dangerous weapon is used in the course of such resistance, obstruction or delay, by imprisonment in the state prison for not less than 1 year nor more than 6 years, and may be further punished by a fine of not more than $5,000.

2. Where no dangerous weapon is used in the course of such resistance, obstruction or delay, for a misdemeanor.

consistently held that it is error to refuse to give an instruction on a lesser offense if there is any evidence, however slight, to support that instruction. Roberts v. State, 102 Nev. 170, 717 P.2d 1115 (1986). A prison guard is an employee of the State of Nevada and therefore a public officer as defined by NRS 193.019. *See* NRS 193.010. In the instant case the testimony of some of the other prison inmates could have led a reasonable jury to conclude that Walker merely resisted Jacobs without committing an assault and battery and that Jacobs' over-reaction resulted in the wrestling match. It was therefore error for the trial court to refuse the instruction on the offense of resisting a public officer.

Based on the foregoing we hereby reverse Walker's judgment of conviction for assault and battery on a peace officer with use of a deadly weapon and remand this case for proceedings consistent with this opinion.